UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENNETH D. HUFF,<br><br>        Plaintiff,<br><br>   v.<br><br>JO ANNE B. BARNHART, Commissioner,<br>Social Security Administration,<br><br>        Defendant. | CASE NO.   C06-5034RJB<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for September 22, 2006 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976).

<u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Plaintiff, Kenneth Huff, was born in 1965. He attended school through half of the 11th grade. He subsequently earned his GED and high school Diploma, and at the age of eighteen (in 1982) Mr. Huff enlisted in the United States Marine Corps. As a Marine, Mr. Huff worked as a helicopter hydraulic mechanic and he was a member of the Marine Corps' rodeo team.

In 1987 Mr. Huff injured his back when a horse fell on top of him during a rodeo event. Despite the injury and pain in his back, Mr. Huff completed his duties as a Marine, and was honorably discharged in December 1988. Since then, Mr. Huff has worked as a salesman, janitor, service representative, and truck

REPORT AND RECOMMENDATION
Page - 1

driver. Mr. Huff has not worked since November 1999, allegedly due back pain caused by degenerative disc disease from compression fractures of his thoracic and lumbar spine and depression.

Huff, protectively filed an application for Social Security disability benefits on May 14, 2002, alleging that he has been disabled under the Social Security Act since November 10, 1999. (Tr. 61-63). His application was denied initially and on reconsideration. (Tr. 30-33, 36-38). Mr. Huff filed a hearing request, and a hearing was held before an Administrative Law Judge ("ALJ") on August 11, 2004. (Tr. 273-94). On October 18, 2004, the ALJ issued a decision finding Mr. Huff capable of performing his past work as a service writer/representative for an autoshop. Accordingly, the ALJ found Mr. Huff not disabled. (Tr. 11-25). Mr. Huff requested review by the Appeals Council which, on November 18, 2005, denied his request for review, leaving the decision of the ALJ as the final decision of the Administration.

Mr. Huff now seeks judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). Specifically, Ms. Huff raises the following issues:

1. the ALJ erred by failing to find that Mr. Huff's depression and pain disorder were severe;

2. the ALJ failed to give appropriate weight to the opinion of Mr. Huff's physical therapist;

3. the ALJ committed legal error by failing to properly consider Mr. Huff's testimony about his symptoms and functional limitations;

4. the ALJ committed legal error by failing to properly consider the lay witness evidence from Krysia R. Huff;

5. the ALJ's method of determining Mr. Huff's residual functional capacity ("RFC") was improper;

6. the ALJ erroneously found that Mr. Huff was able to perform his past relevant work as a service writer;

7. because the ALJ's finding that Mr. Huff could perform his past relevant work is not supported by substantial evidence, the burden shifted to the Commissioner to establish that there are other jobs which Mr. Huff is capable of performing, based on his residual functional capacity; and

8. the ALJ failed to properly consider Mr. Huff's participation in an approved Vocational Rehabilitation Program.

After reviewing the record the undersigned finds the ALJ's decision is properly supported by the substantial evidence and free of any legal error. The Court should affirm the administrative decision.

## DISCUSSION

This Court must uphold the Secretary's determination that plaintiff is not disabled if the Secretary

REPORT AND RECOMMENDATION
Page - 2

1  applied the proper legal standard and there is substantial evidence in the record as a whole to support the
2  decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant
3  evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales,
4  402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla
5  but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v.
6  Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational
7  interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th
8  Cir. 1984).

9        The burden is on the claimant to prove that he is disabled within the meaning of the Social Security
10 Act. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). Disability is the "inability to engage in any
11 substantial gainful activity by reason of any medically determinable physical or mental impairment which
12 can be expected to result in death or which has lasted or can be expected to last for a continuous period of
13 not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 423(d)(1)(A). A claimant is disabled only if her
14 impairments are of such severity that she is not only unable to do her previous work but cannot,
15 considering age, education, and work experience, engage in any other substantial gainful activity existing in
16 the national economy. *See* 42 U.S.C. §§ 423(d)(2)(A), 1382c (a)(3)(B).

17 *A. THE ALJ PROPERLY ASSESSED THE MEDICAL EVIDENCE*

18       "In evaluating the evidence, the reviewing court must look at the record as a whole, weighing both
19 the evidence that supports and detracts from the Secretary's conclusion. *Gonzalez*, 914 F.2d at 1200. The
20 trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can
21 support either outcome, the court may not substitute its judgment for that of the ALJ. *Richardson*, 402
22 U.S. at 400, 91 S.Ct. at 1426-27; *Allen*, 749 F.2d at 579." Matney v. Sullivan, 981 F.2d 1016, 1019 (9th
23 Cir. 1992). The ALJ is entitled to resolve conflicts in the medical evidence. Sprague v. Bowen, 812 F.2d
24 1226, 1230 (9th Cir. 1987).

25       Here, Mr. Huff raises several issues that attack the ALJ's evaluation of the medical evidence. First,
26 Plaintiff argues the ALJ failed to find depression or chronic pain as "severe" impairments. At step-two of
27 the administration's evaluation process, the ALJ is required to determine whether an impairment is severe
28 or not severe. 20 C.F.R. §§ 404.1520, 416.920 (1996). An impairment is "not severe" if it does not

"significantly limit" the ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step-two severity determination in terms of what is "not severe." According to the Commissioner's regulations, "an impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities," 20 C.F.R. §§ 404.1520(c), 404.1521(a)(1991). Basic work activities are "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." 20 C.F.R. § 140.1521(b); Social Security Ruling 85- 28 ("SSR 85-28"). An impairment or combination of impairments can be found "not severe" **only** if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individuals ability to work." *See* SSR 85-28; <u>Yuckert v. Bowen</u>, 841 F.2d 303, 306 (9th Cir. 1998) (adopting SSR 85-28)(emphasis added).

The ALJ evaluated the medical evidence and concluded that Mr. Huff's only severe impairment was his degenerative disc disease. The ALJ specifically evaluated this disease in terms of the pain it caused Mr. Huff. Under the title, "DEGENERATIVE DISC DISEASE" the ALJ wrote:

> Claimant's chief physical complaints are back and arm pain. In order for pain to be found to affect an individual's ability to perform basic work activities, medical signs or laboratory findings must show the existence of a medically determinable impairment that could reasonable be expected to produce the pain or other symptoms.

Tr. 16. After reviewing the reports and opinions from the following: Veteran's Administration staff and physicians, physician's assistant Richard Silverman, Dr. Alvord, Dr. Mathews, Reba Connolly, Dr. Mayer, Dr. Allen, and Shelley Earing, the ALJ concluded that Mr. Huff retained the ability to walk, stand, sit, lift more than 20 pounds occasionally or lift more than 10 pounds frequently.

Plaintiff objects, stating the ALJ and the Commissioner failed to consider Mr. Huff's pain disorder, arguing the diagnosis is supported by the medical evidence. Plaintiff contends the uncontradicted medical evidence presented Dr. Seeley, Dr. Warner, Dr. Chandran, Dr. Cosgrove, Dr. Mathews, Dr. Yurchak, and Dr. Allen show that Mr.Huff is suffering from chronic pain and a pain disorder. The court is not persuaded by this claim. As noted above the ALJ reviewed Mr. Huff's pain complaints as they related to his degenerative disc disease. As discussed below, the ALJ also reviewed the mental aspect of pain and reviewed the psychological reports and opinions of the psychologists cited by Mr. Huff. A review of the ALJ's decision in light of the record as a whole clearly reflects the ALJ's efforts to evaluate Mr. Huff's

complaints of pain, and the court finds the ALJ's analysis reasonable and properly supported by substantial evidence.

After considering Plaintiff's physical impairments caused by degenerative disc disease, the ALJ evaluated his allegations of disability due to depression. The ALJ cited and summarized the opinions of Dr. Silverman, Dr. Seeley, Dr. Chandran, Dr. Warner, Dr. Cosgrove, and Dr. Johnston, and concluded Mr. Huff did not suffer from any severe mental impairment. This finding is specifically supported by Dr. Johnston (who found only mild restrictions due to his mental functioning), and Dr. Warner (who rated overall symptoms as being mild). In sum, the ALJ properly reviewed the relevant medical evidence and made a reasonable interpretation.

Finally, Plaintiff claims the ALJ failed to properly consider the opinion of his treating physical therapist and failed to properly assess his RFC. Generally, whether a medical source's opinion will be given significant weight depends on such things as the length of the examining relationship; treatment relationship including the nature and extent of the treatment relationship; the degree to which the treating source's opinion is supported by medical signs and laboratory findings; and its consistency with the rest of the evidence. See 20 C.F.R §§ 404.1527(d), 416.927(d). The ALJ may reject the contradicted opinion of a treating or examining physician by stating specific and legitimate reasons, and reject the uncontradicted treating or examining physician opinion by providing clear and convincing reasons, supported by substantial evidence in the record. Holohan v. Massanari, 246 F.3d 1195, 1202-03 (9th Cir. 2001).

At issue here is the opinion and notes of Shelley Earing, who is a physical therapist, not a license physician. Ms. Earing is not an acceptable medical source and accordingly her opinion was not entitled to significant weight (Tr. 19). 20 C.F.R. § 404.1513; Gomez v. Chater, 74 F.3d 967 (9th Cir. 1996). Acceptable medical sources specifically include licensed physician and licensed psychologists, but not chiropractors. 20 C.F.R. § 404.1513. Lack of guidance in the regulations on how to weigh opinions from "other sources" permits the Commissioner to accord opinions from "other sources" less weight than from acceptable sources. Id.

The ALJ properly addressed the reports of Ms. Earing in his decision. He noted that Mr. Huff had been treated by Ms. Earing from April 2004 through June 2004. Initially, Mr. Huff had been seen twice a

REPORT AND RECOMMENDATION
Page - 5

week for flexibility and strengthening, and by May 2003, the ALJ noted that Mr. Huff's condition was improved to the point that he attended physical therapy one or twice a month and reported mowing the lawn and working out at the gym.  The ALJ discounted Ms. Earing's estimate of Mr. Huff's physical capabilities, which was somewhat lower than those assessed by Ms. Connolly and concurred with by Dr. Barnhard.  Ms. Connolly and Dr. Barnhard found Mr. Huff capable of lifting 20 pounds occassionally, 10 pounds frequently, stand and /or walk for 6 hours in an 8-hour workday, sit for 6 hours of an 8-hour workday, and do unlimited pushing and pulling.   The ALJ's assessment of Mr. Huff's RFC is based on Ms. Connolly and Dr. Barnhard's assessment, along with the other evidence cited to by the ALJ in his decision.  The ALJ's primary reliance on Dr. Barnhard and Ms. Connolly's assessment, rather than Ms. Earing's opinion, was proper.

B.   THE ALJ PROPERLY CONSIDERED AND WEIGHED MR. HUFF'S CREDIBILITY AND THE STATEMENTS OF KRYSIA HUFF

The ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered.  Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983).  Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (*en banc*), is controlling Ninth Circuit authority on evaluating plaintiff's subjective complaints of pain.   Bunnell requires the ALJ findings to be properly supported by the record, and "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony regarding pain.'"  Id. at 345-46 (quoting Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)).  Similarly, the ALJ can reject the testimony of lay witnesses only if s/he gives reasons germane to each witness whose testimony s/he rejects.  Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

An ALJ may reject a claimant's subjective pain complaints, if the claimant is able to perform household chores and other activities that involve many of the same physical tasks as a particular type of job.  Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) However, as further explained in Fair v. Bowen, *supra*, and Smolen v. Chater, *supra*, the Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferrable to a work environment where it might be impossible to rest periodically.

Here, plaintiff argues the ALJ failed to properly consider his testimony regarding his symptoms and

1 functional limitations.  In his opinion, the ALJ provided several reasons for not accepting the degree of

2 limitation or degree of functioning alleged by Mr. Huff.  The ALJ wrote:

3  Claimant's self-evaluation of basic activities from his Daily Activity Questionnaire conflicts with his physicians' reports. He reported that he can walk for 30 minutes before he needs to rest, stand for 20 minutes before he needs to rest, and sit for one hour before he needs to rest. (Exhibit 4E.1) However, his physical therapist Shelley Earing, whom he has seen regularly for over a year, rated him as being able to sit for one hour at a time for three hours total, stand for one hour at a time for three hours total, and walk for one hour at a time for two hours total. (Exhibit 13F.6)

He also has a good deal of varied activities of daily living, which are inconsistent with his allegations that he is so limited that he is unable to do any work. He takes care of himself and his children. He has very active hobbies including skiing, hunting and fishing. The Veterans Affairs Department has paid for him to receive two Associates of Technical Arts degrees. They did not provide him with accommodation, and the school only gave him a special chair and table.

Claimant was able to choose which area of study to pursue, and did so knowing that his education was to provide him with skills to obtain gainful employment. He faced no problems in traveling 35 miles a day and working on computers three hours a day, four to five days per week. He successfully completed his degrees and faces no obstacles in seeking and performing employment. Attendance in school can properly be viewed as inconsistent with an alleged inability to perform all work. Mathews v. Shalala, 10 F.3d 678, 680 (9 Cir. 1993); Tennant V. Apfel, 224 F.3d 869, 870-7 1 (8 Cir. 2000) (17 credit hours of chiropractic classes while maintaining a C average appears inconsistent with allegedly disabling joint pain and fatigue); Baker v. Apfel, 159 F.3d 1140,1145 (8 Cir. 1998) (where ALJ relied in part on claimant's ability to attend four hours of classes daily in finding him capable of performing full range of light work, substantial evidence supported ALJ's conclusion). For the foregoing reasons, the claimant is not found to be credible.

17 Tr. 23-24.

18  After reviewing the ALJ's decision and the administrative record, the court finds that the ALJ

19 properly weighed plaintiff's credibility.  The medical evidence and Plaintiff's RFC assessment, as

20 interpreted and relied upon by the ALJ (discussed above) is inconsistent with Mr. Huff's self assessment of

21 his limitations.   In addition, the ALJ properly relied on plaintiff's course work taken for vocational

22 rehabilitation and his daily activities to reject the degree of severity and disability alleged by Mr. Huff..  The

23 reasons given by the ALJ are clear and convincing.

24  With respect to the lay witness statements made by Plaintiff's wife, Krysia Huff, plaintiff argues the

25 statements offered corroborate the allegations of total disability made by Plaintiff.  As discussed above, the

26 ALJ properly assessed the medical record and the allegations of total disability made by Plaintiff.   To the

27 extent that Plaintiff's argument regarding the ALJ's treatment of the lay witnesses relies those arguments,

28 the argument must fail.  In contrast to Mr. Huff's argument that the ALJ rejected Krysia Huff's statements,

it appears the ALJ relied on her statements suggesting that Mr. Huff was not prevented from doing many daily and family activities (Tr. 22). The ALJ properly addressed the lay witness evidence.

C.   **THE ALJ DID NOT ERR WHEN HE EVALUATED MR. HUFF'S ABILITY TO PERFORM PAST RELEVANT WORK**

At step-four in the five-step evaluation process, the ALJ must determine if an impairment(s) prevents the claimant from doing past relevant work. If the ALJ finds that the claimant has not shown that he is incapable of performing past relevant work, the claimant is not disabled for social security purposes and the evaluation process ends at this point. 20 C.F.R. § 404.1520(e). Plaintiff bears the burden to establish that he cannot perform his past work. Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995), *cert. denied*, 116 S.Ct. 1356 (1996).

Here, the ALJ found plaintiff capable of returning to work as a service writer (Tr. 24). Plaintiff contends the ALJ erred in this finding because it is "based on the ALJ's erroneous RFC finding." Plaintiff's Opening Brief at 17. As discussed above the court does not find any error in the ALJ's RFC assessment or his consideration of Mr. Huff's postural and mental limitations. Accordingly, the court does not find any merit in the argument that the ALJ's finding that Mr. Huff can perform light work and can return to work as a service writer. Similarly, the court does not find any merit in Plaintiff's other arguments that the ALJ failed to meet the burden of showing that Mr. Huff is able to perform work in the national economy or that the ALJ failed to properly consider claimant's participation in an approved vocational rehabilitation program.

CONCLUSION

Based on the foregoing, the court should AFFIRM the administrative decision. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 22, 2006**, as noted in the caption.

DATED this 31st day of August, 2006.

/s/ J. Kelley Arnold

REPORT AND RECOMMENDATION
Page - 8

1
2          J. Kelley Arnold
           U.S. Magistrate Judge
3
...

REPORT AND RECOMMENDATION
Page - 9