1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| KENNETH D. HUFF, | |
|---|---|
| Plaintiff, | CASE NO.   C06-5034RJB |
| v. | ORDER |
| JOANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

This matter comes before the Court on U.S. Magistrate Judge J. Kelley Arnold's Report and Recommendation. Dkt. 16. The Court has reviewed the Report and Recommendation, the Objections to the Report and Recommendation, and the remaining record.

**I.   FACTS**

Plaintiff filed this matter, challenging the Commissioner's finding that he was not entitled to Social Security Disability Benefits because he was capable of his past work at step four in the evaluation process. Dkt. 1. The procedural history and facts surrounding this case are recounted in the Report and Recommendation and shall not be repeated here. Dkt. 16. After the Report and Recommendation, which affirmed the Commissioner's decision, was issued, Plaintiff filed objections to the Report and Recommendation. Dkts. 16, and 17. Plaintiff raises the following issues: 1) the Administrative Law Judge ("ALJ") erred in failing to find that his depression and chronic pain disorder are severe impairments at step two of the process, 2) the ALJ failed to give appropriate weight to the opinion of his physical therapist, 3) the ALJ failed to properly consider his testimony regarding his symptoms and limitations, 4) the ALJ failed to properly consider lay witness evidence, 5) the ALJ improperly determined his Residual Functional

ORDER-1

1  Capacity ("RFC"), 6) the ALJ erroneously found that claimant can perform his past relevant work, and 7)
2  the Commissioner failed to meet the burden of showing that Plaintiff can perform any work in the national
3  economy. Dkt. 17. Defendant responds arguing that: 1) Plaintiff's objections were raised in prior
4  briefing, 2) his objections result from his interpretation of the evidence, and 3) the ALJ complied with the
5  requirements of Social Security Ruling 06-3 available at 2006 WL 2329939 even though the ruling was
6  issued two years after the ALJ's decision. Dkt. 18. Plaintiff files a Reply, restates his prior objections and
7  argues: 1) that the Commissioner does not respond the a majority of his arguments, 2) the ALJ failed to
8  properly consider Claimant' participation in an approved vocational rehabilitation program, and 3) his
9  objections are not irrational interpretations of the evidence. Dkt. 19.

10 **II.    DISCUSSION**

11        The Court must uphold the Commissioner's determination that the Plaintiff is not disabled if the
12 Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole
13 to support the decision. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence
14 is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.
15 *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance.
16 *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *Carr v. Sullivan*, 772 F. Supp. 5252,
17 524-25 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must
18 uphold the Commissioner's decision. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

19        The Commissioner of Social Security has established a five-step sequential evaluation process to
20 determine whether a claimant is disabled. First, the ALJ will determine if the claimant is engaged in
21 substantial gainful activity. 20 C.F.R. § 404.1520 (a)(4)(i). A claimant will be found not disabled if he is
22 engaged in substantial gainful activity. 20 C.F.R. § 404.1520 (b). Second, the ALJ will determine the
23 severity of the impairment. 20 C.F.R. § 404.1520 (a)(4)(ii). If the claimant does not have a severe
24 impairment he is not disabled. 20 C.F.R. § 404.1520 (c). Third, the ALJ will examine the severity of the
25 impairment or combination of impairments in order to determine if they meet or equal one of the listed
26 impairments in the Listing of Impairments found at 20 C.F.R. Pt. 404, Subpt. P App. 1. 20 C.F.R. §
27 404.1520 (a)(4)(iii), 20 C.F.R. § 404.1520 (d). Fourth, the ALJ will assess the claimant's residual
28 functional capacity and past relevant work. 20 C.F.R. § 404.1520 (a)(4)(iv). If the ALJ determines that a
   claimant can perform his past relevant work, he is not disabled. *Id.* Lastly, the ALJ will assess the

ORDER-2

claimant's residual functional capacity, age, education, and work experience in order to determine if the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1520 (a)(4)(v), 20 C.F.R. § 404.1520 (g).

This Opinion will now address each of Plaintiff's objections.

### A. ALJ's DECISION THAT PLAINTIFF'S DEPRESSION AND PAIN DISORDER WERE NOT SEVERE AT STEP TWO OF THE PROCESS

At the second step in the sequential evaluation process, the ALJ will determine the severity of each impairment. 20 C.F.R. § 404.1520 (a)(4)(ii). In order to have a severe impairment, a claimant must have any impairment or combination of impairments which significantly limits their physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520 (c).

In his objections, Plaintiff argues that the medical evidence in the record from his treating and examining physicians including, "Dr. Seeley, Dr. Chandran, Dr. Warner, Dr. Cosgrove, and Dr. Alvord can only support the finding that [Plaintiff's] chronic pain disorder and depression are severe impairments, as they have more than a minimal effect on [his] ability to perform basic work activities." Dkt. 17, at 4. Plaintiff argues that he has been repeatedly diagnosed with depression and chronic pain. Dkt. 17. Plaintiff notes that Dr. Cosgrove, in 2002, rated his Global Assessment of Functioning ("GAF") at 60, which indicates moderate symptoms or moderate difficulty in social, occupational, or school functioning. Dkt. 17, at 4 (*citing* Tr. 162). Plaintiff points to an observation by Dr. Chandran, in 2002, that "vet noted to have trouble sitting through the interview due to pain." *Id.* (*citing* Tr. 191). Plaintiff points to a treatment note from Dr. Seeley, in 2002, who wrote that Plaintiff was "struggling with what appears to be considerable back pain, he lays on the floor of my office at times to get some relief . . . ." *Id.* (*citing* Tr. 187). Plaintiff argues each of these show that his chronic pain and depression are severe impairments. *Id.*

The ALJ is responsible for determining credibility, resolving conflicts in the medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). "[T]he opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons supported by substantial evidence in the record." *Id.* at 830-831; *Andrews*, at 1043. "'The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his

ORDER-3

interpretation thereof, and making findings.'" *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (*quoting Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)).

The substantial evidence in the record supports the ALJ's decision to find that Plaintiff's depression was not a severe impairment. The ALJ throughly discussed the medical evidence in the record regarding Plaintiff's depression and pain, he stated his interpretation thereof, and made findings. Tr. 14-25. For example, despite Dr. Cosgrove GAF assessment of 60, the ALJ noted that Dr. Cosgrove found in that same evaluation, that from a "psychiatric perspective, claimant faces no impairments in his ability to perform work activities on a consistent basis or maintain regular attendance in the work place." Tr. 21, at 8. The ALJ did not err in finding Plaintiff's depression was not a severe impairment.

The ALJ did not err regarding his findings of the impact of Plaintiff's pain. The ALJ reviewed the 2002 treatment notes of Dr. Chandran and Dr. Seeley, but does not mention their observations of Plaintiff's pain. Tr. 20. However, these observations of Plaintiff's pain were not diagnoses, nor does either doctor opine on his ability to work as a result. Moreover, the ALJ does discuss Plaintiff's back pain extensively in his review of the other medical records dealing with his degenerative disc disease and its impacts on his ability to work. Tr. 16-19. The ALJ found that Plaintiff's degenerative disc disease was a severe impairment at step two, and then continued with the sequential evaluation process. Tr. 19. The ALJ did not err in his findings regarding Plaintiff's pain at step two.

**B.   WEIGHT ACCORDED TO PHYSICAL THERAPIST**

In assessing the weight to be given medical opinions, the regulations governing social security disability benefits distinguish between opinions from "acceptable medical sources" and opinions from other sources. *See* 20 C.F.R. § 404.1513(a), 20 C.F.R. § 404.1513(d), and 20 C.F.R. § 416.913(d). 20 C.F.R. § 404.1513(d)(1) provides that non-medical source observations, for example, a therapist's, may be used to show the severity of claimant's impairment and how it affects his ability to work. An ALJ may in fact "accord opinions from [such] other sources less weight than opinions from acceptable medical sources." *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996) (holding acceptable medical sources specifically include licensed physicians and licensed psychologists).

A Social Security Ruling regarding how the Commissioner considered opinions from sources that are not "acceptable medical sources" was issued on August 9, 2006, two years after the ALJ decided Plaintiff's claim. Social Security Ruling ("SSR") 06-03. Plaintiff states that the ALJ failed to comply with

ORDER-4

this Ruling in assessing the opinion of his physical therapist. Dkt. 17, at 8. Plaintiff's argument is misplaced. Plaintiff fails to show that the ALJ did not apply the proper legal standard in effect at the time of the decision, nor does Plaintiff explain how the ALJ or Judge Arnold's decision fails to comply with the later ruling.

### C. PLAINTIFF'S CREDIBILITY

The ALJ is solely responsible for determining credibility. *Andrews* at 1039. Where an ALJ's credibility finding is supported by substantial evidence in the record, the Court does not engage in second guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid," as well as "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment," and the claimant's daily activities. *Smolen v. Charter*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. *Id.*

In his Objections, Plaintiff argues that the ALJ did not properly consider his testimony regarding his symptoms and limitations. Dkt. 17, at 8. The ALJ gave specific, clear and convincing reasons for finding plaintiff's testimony marginally credible. The ALJ rejected Plaintiff's testimony because it conflicted with his physicians' reports, his activities of daily living, his hobbies (including skiing, hunting and fishing), and his completion of two associates degrees. Tr. 23-24. Where, as here, the evidence reasonably supports either confirming or reversing the ALJ's decision, a reviewing court may not substitute its judgement for that of the ALJ. *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The ALJ's assessment of Plaintiff's credibility was not in error.

### D. ALJ'S TREATMENT OF PLAINTIFF'S WIFE'S TESTIMONY

According to 20 C.F.R. 404.1513(e)(2), the Commissioner will consider observations by non-medical sources about how impairments affect a claimant's ability to work. *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996). "[T]he ALJ can reject the testimony of lay witnesses only if he gives reasons germane to each witness whose testimony he rejects." *Id.* (*citing Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). Inconsistency with medical evidence is a reason to reject lay witness testimony. *Bayliss v.*

ORDER-5

1  *Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2006).

2        The ALJ did not err in his treatment of Plaintiff's wife's lay witness testimony. The ALJ relied on
3  her statements regarding Plaintiff's ability to engage in activities of daily living. Tr. 22. As explained
4  above and in Judge Arnold's Report and Recommendation, the ALJ properly assessed the medical
5  evidence and Plaintiff's testimony regarding his impairments and ability to work. The ALJ's rejection of
6  Plaintiff's wife's testimony, to the extent it was not supported by the medical evidence in the record, was
7  not in error.

8        **E.**     **PLAINTIFF'S RESIDUAL FUNCTIONAL CAPACITY**

9        At step four in the sequential evaluation process, the ALJ will assess the claimant's RFC and past
10 relevant work. 20 C.F.R. § 404.1520 (a)(4)(iv). An individual's RFC is what that individual can still do
11 despite his or her limitations. SSR 96-8p. The ALJ is responsible for determining plaintiff's RFC. *Id.*
12 The RFC assessment must be based on all of the relevant evidence in the record, such as "medical history,
13 medical signs and laboratory findings, the effects of treatment including limitations or restrictions imposed
14 by the mechanics of treatment, for example the frequency of treatment, duration, disruption to routine, and
15 side effects of medication." *Id.* The RFC assessment must also be based on other relevant evidence such
16 as "reports of daily activities, lay evidence, recorded observations, medical source statements, effects of
17 symptoms, evidence from attempts to work, need for a structured living environment, and work
18 evaluations if available." *Id.*

19       The ALJ found that Plaintiff did not have any "postural or manipulative limitations," and retained
20 the ability to do "light work." Tr. 22-23. Plaintiff argues the ALJ failed to address his physical therapist's
21 opinion on his postural limitations, which include his ability to only occasionally "bend, squat, crawl, climb,
22 reach, and kneel." Dkt. 17, at 10. The ALJ stated that he found no basis upon which to credit Plaintiff's
23 physical therapist's opinion on Plaintiff's limitations. Tr. 23. He noted that she did not complete the form
24 she was asked to fill out or provide any explanation for why the limitations she did find, applied. Tr. 19.
25 The ALJ noted that she was not an acceptable medical source. *Id*. He also noted activities the physical
26 therapist reported Plaintiff engaged in around the time of the opinion which were inconsistent with her
27 opinion of his limitations such as skiing, and Plaintiff's rate of his pain as a 1-2 on a scale of 1-10. His
28 rejection of her opined limitations was not in error.

      Plaintiff next points to a state agency non-examining physician, Harold Mayer, M.D.'s, opinion that

ORDER-6

he was limited to only occasionally climbing, stooping, kneeling, crouching, and crawling as evidence of his postural limitations. Dkt. 17, at 10 (*citing* Tr. 205). The substantial evidence in the record supports the ALJ's assessment of Plaintiff's RFC. The ALJ's decision reviewed the RFC assessment by a state agency employee Reba Connolly, agreed with by William Barnhart, M.D., which found Plaintiff had no limitations postural or manipulative limitations. Tr. 17-18. Further, Dr. Mayer noted in his assessment that Plaintiff described "light work that he could do." Tr. 207. The ALJ did not err in his assessment of Plaintiff's RFC.

### F. PLAINTIFF'S ABILITY TO PERFORM PAST RELEVANT WORK AND WORK IN THE NATIONAL ECONOMY

If the ALJ determines that a claimant can perform his past relevant work, at step four in the sequential evaluation process, he is not disabled. 20 C.F.R. § 404.1520 (a)(4)(iv). At this step, Plaintiff bears the burden that he "does not have the residual functional capacity to engage in 'past relevant work.'" *Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir. 2001) (*quoting* 20 C.F.R. § 404.1520 (e)).

Plaintiff argues, in his Objections, that the ALJ's finding, that he was capable of his past relevant work, was in error in light of the ALJ's erroneous RFC assessment. Dkt. 17, at 11. As stated above, the ALJ properly assessed Plaintiff's RFC and accordingly did not err in his determination that Plaintiff could perform his past work. Plaintiff's objection that the Commissioner failed to meet her burden at step five in the sequential evaluation process, to show that Plaintiff could perform other work in the national economy, also fails. If the ALJ determines that a claimant can perform his past relevant work at step four, he is not disabled, and the inquiry ends. *See* 20 C.F.R. § 404.1520 (a)(4)(iv).

### G. VOCATIONAL REHABILITATION PROGRAM

Plaintiff argues that the ALJ failed to discuss his eligibility for disability benefits while he completed his vocational training program pursuant to 20 C.F.R. § 404.316(c). Dkt. 17, at 12. Plaintiff's argument is without merit. Under 20 C.F.R. § 404.316(c), a claimant's "benefits . . . may be **continued** after [their] impairment is no longer disabling if . . . [They] are participating in an appropriate program of vocational rehabilitation services." (*emphasis added*). The regulation first requires a finding of disability, and here, there was none.

### H. CONCLUSION

The Report and Recommendation (Dkt. 16) should be adopted. The ALJ's decision, that Plaintiff

ORDER-7

1 was not disabled, should be upheld because the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Hoffman*, at 1425.

### III. ORDER

Therefore it is hereby **ORDERED** that:

    (1)    The Court **ADOPTS** the Report and Recommendation (Dkt. 16);

    (2)    The administrative decision is **AFFIRMED**; and

    (4)    The Clerk is directed to send copies of this Order to plaintiff's counsel, defendant's counsel and Magistrate Judge J. Kelley Arnold.

DATED this 17th day of October, 2006.

/s/ Robert J. Bryan
Robert J. Bryan
U.S. District Judge

ORDER-8